084125.0347(207)                                    RMC:lab

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **STATE AUTO PROPERTY &** <br> **CASUALTY INSURANCE COMPANY,** <br><br> **Plaintiff,** <br><br> v. <br><br> **THE ESTATES PROPERTY** <br> **MANAGEMENT, LLC, a Florida** <br> **limited liability company, and KRISTIN** <br> **BENNETT,** <br><br> **Defendants.** | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

Now comes the Plaintiff, State Auto Property & Casualty Insurance Company, by its attorney, Robert Marc Chemers of Pretzel & Stouffer, Chartered, and for its Complaint for Declaratory Judgment against the Defendants, The Estates Property Management, LLC, a Florida limited liability company, and Kristin Bennett, alleges the following:

### JURISDICTION

1. The jurisdiction of this Court is premised upon 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

### VENUE

2. Venue is premised upon 28 U.S.C. § 1391 as the Defendants are residents of this District and the transaction occurred in this District.

## THE PARTIES

3. State Auto Property & Casualty Insurance Company ("State Auto") is an Iowa insurance corporation, which maintains its principal place of business in West Des Moines, Iowa, and which at all times herein relevant was licensed to and which did transact insurance business in the State of Illinois and elsewhere.

4. The Estates Property Management, LLC ("Estates") is an inactive Florida limited liability company with its principal place of business in Shiloh, Illinois. Sonja Stumpf and Hans-Joachim Stumpf are the Members and Managers of Estates and each is a resident and citizen of the State of Florida.

5. Kristin Bennett ("the Claimant") is an individual who is a citizen of the State of Illinois who resides in St. Clair County, Illinois. The Claimant has been joined herein to the extent that she is an interested party, and State Auto seeks no non-declaratory relief as to her. If the Claimant agrees to be bound by the judgment or order to be entered in this action, then State Auto will seek to dismiss the Claimant as a defendant.

## THE STATE AUTO POLICY

6. State Auto issued to non-party Dale Loepker a businessowners policy, number BOP2902060, with a policy period of March 1, 2021 to March 1, 2022, which policy ("the State Auto policy") includes a commercial general liability ("CGL") coverage part. A certified true and correct copy of the State Auto policy is attached hereto, made a part hereof and is marked as Pleading Exhibit A.

### THE UNDERLYING SUIT

7. The Claimant filed suit against Loepker and Estates (misnamed therein simply as "The Estates Property Management") in the Circuit Court of the 20th Judicial Circuit, St. Clair County, Illinois, under Cause No. 22 LA 955 ("the Underlying Suit"). A true and correct copy of the Complaint therein ("the Underlying Complaint") is attached hereto, made a part hereof and is marked as Pleading Exhibit B.

8. On behalf of the Claimant, the Underlying Complaint seeks damages from Loepker for his alleged negligence as the owner of an apartment building located at 653 Vicksburg Drive in Shiloh, Illinois, in which building the Claimant allegedly is a tenant and was injured in a May 26, 2021 accident ("the Accident") wherein a "door slammed shut on her leg, due to a broken spring [,]" all of which more fully appears in Pleading Exhibit B.

9. On behalf of the Claimant, the Underlying Complaint also seeks damages from Estates for its alleged negligence in "fail[ing] to maintain [Loepker's] rental property," in "fail[ing]to provide the residents of [Loepker's] apartment complex with a safe place to live," and "fail[ing] to timely respond to complaints of an unsafe condition property (sic) [Loepker] maintained" at 653 Vicksburg Drive in Shiloh, Illinois at and prior to the Accident, all of which also more fully appears in Pleading Exhibit B.

### PROVISIONS OF THE STATE AUTO POLICY

10. The coverage form in the CGL coverage part of the State Auto policy includes by definition as an "insured" "[a]ny person (other than your 'employee' or 'volunteer worker') or any organization while acting as your real estate manager."

**NO TENDER OF DEFENSE**

11. Upon learning of the Underlying Suit, State Auto contacted a representative of Estates, who refused to discuss the Claimant's suit and who, without expressly disavowing any tender of defense, indicated that, on behalf of Estates, he would not respond to the Claimant's Complaint. Irrespective of the foregoing, State Auto alleges that for the reasons stated herein, the State Auto policy provides no coverage for the claim against Estates in the Underlying Suit.

**COUNT I**
**(DECLARATORY JUDGMENT RE: NO DUTY TO DEFEND OR INDEMNIFY)**

12. State Auto adopts and repeats the allegations of ¶¶ 1 through 11 as and for ¶ 12 hereof as though the same were fully set forth herein.

13. While the State Auto policy, Pleading Exhibit A, provides certain liability coverage for claims against an "insured" as defined therein, the claim against Estates is not covered thereby and State Auto thus has no duty to defend Estates in the Underlying Suit for the reason that (assuming *arguendo* that the Underlying Complaint should be read as alleging that it was acting as Loepker's real estate manager) Estates is not an "insured" under the State Auto policy because on and prior to the date of the Accident, Estates was not "acting as [Loepker's] real estate manager" as Loepker at that time did not even have a real estate manager for his apartment building (and Estates is not otherwise an "insured" under the State Auto policy).

14. The above contentions of State Auto are, on information and belief, denied by Estates.

15. By reason of the foregoing, an actual and justiciable controversy exists between the Plaintiff and the Defendants, which controversy may be determined by a judgment or order of this Court. Pursuant to the terms and provisions of 28 U.S.C. §§ 2201 and 2202, this Court has the power to declare and adjudicate the rights and liabilities of the parties under the provisions of the State Auto policy, and to adjudicate the final rights of all parties and to give such other and further relief as may be necessary to enforce the same.

### PRAYERS FOR RELIEF

**WHEREFORE**, the Plaintiff, State Auto Property & Casualty Insurance Company, prays that this Court enters judgment as follows:

A. Finding and declaring that, under Businessowners policy number BOP2902060 04, State Auto Property & Casualty Insurance Company has no duty to defend or indemnify The Estates Property Management LLC in the action filed in the Circuit Court of the 20th Judicial Circuit, St. Clair County, Illinois, under Cause No. 22 LA 955.

B. Granting State Auto Property & Casualty Insurance Company such other and further relief as the Court deems fit and just under the circumstances.

C. Awarding State Auto Property & Casualty Insurance Company its just and reasonable costs incurred herein with execution issuing therefor.

Respectfully submitted:

*/s/   Robert Marc Chemers*
Robert Marc Chemers

Robert Marc Chemers
Bar No. 0431508
PRETZEL & STOUFFER, CHARTERED
One South Wacker Drive
Suite 2500
Chicago, Illinois 60606
Telephone:     (312) 578-7548
Fax:               (312) 346-8242
E-Mail:  rchemers@pretzelstouffer.com